# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEO EDWARD BRISBANE<br>Petitioner | * * * | |
| v | * | Civil Action No. JFM-10-3431 |
| STATE OF MARYLAND<br>Respondent | * * * | |

## MEMORANDUM

Pending is respondent's answer to this court's order to show cause in the above-captioned petition for writ of habeas corpus. ECF No. 6. Respondent alleges the petition must be dismissed because petitioner has not exhausted the remedies available in the Maryland courts. Upon review of the papers filed, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2010); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

## Background

After a jury trial in the Circuit Court for Charles County, Maryland, petitioner was found guilty of robbery, theft and assault on February 11, 2008. ECF No. 6 at Ex. 4. He was sentenced to serve 15 years in prison on April 15, 2008. *Id.* Petitioner noted an appeal with the Court of Special Appeals of Maryland, claiming that certain evidence was improperly admitted at trial and that the evidence was insufficient to support a conviction for robbery. *Id.* at Ex. 2. On September 29, 2009, the appellate court issued an unreported decision affirming petitioner's conviction. *Id.* On December 18, 2009, the Court of Appeals of Maryland declined further review of the appeal. *Id.* at Ex. 3.

On December 29, 2009, petitioner filed for post-conviction relief in the Circuit Court for

Charles County claiming that he was denied a fair trial, trial counsel was ineffective for failing to file a motion to suppress, constitutional rights were violated, and the sentence imposed was improper. ECF No. 6 at Ex. 4. After a hearing on June 15, 2010, the circuit court issued a decision denying relief on September 30, 2010. *Id*. On October 14, 2010, petitioner filed an application for leave to appeal the post-conviction court's decision. *Id*. at Ex. 5. The application is still pending before the Court of Special Appeals. *See Brisbane v. State*, PC No. 2097, September Term, 2010. In his petition filed with this court, petitioner alleges he was denied a fair trial; his due process rights were violated when he was denied a transcript of a motion hearing; trial counsel was ineffective for failing to file a motion to suppress; his Fifth Amendment rights were violated during the sentencing phase of the trial; and the sentence imposed was ambiguous. ECF No. 1.

## Standard of Review

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Cts. & Jud. Proc. Code Ann., §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams*, *supra*.

## Analysis

Petitioner's pending appeal with the Maryland Court of Appeals concerns the same issues raised in this court. Until Maryland's highest court has had the opportunity to rule on petitioner's claim, this court may not consider the merits of his claims. Thus, the petition must be dismissed without prejudice. Petitioner is, however, reminded that there are strict time limitations that apply to petitions for habeas corpus filed pursuant to 28 U.S.C. §2254.[1]

---

[1] 28 U.S.C. §2254(d) provides:

> (1)A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Thus, a certificate of appealability shall be denied in the instant case.

    A separate order follows.

| | |
|---|---|
| \_\_\_\_April 11, 2011_____<br>Date | \_\_\_\_/s/_____<br>J. Frederick Motz<br>United States District Judge |

---

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.